## *Ex parte* RUFUS P. McELWAIN.

### ERROR TO MARION.

Insanity does not furnish any reason for a court of equity to interfere, to deprive a woman of dower.

A woman cannot be deprived of dower, but by her voluntary act.

THIS cause was heard before S. L. BRYAN, Judge.   The facts of the case are stated in the opinion of the Court.   The cause was submitted *ex parte*.

H. K. OMELVENY, for McElwain.

BREESE, J.   At the August term, 1862, of the Marion Circuit Court, Rufus P. McElwain filed his bill, stating that he had

sold to sundry persons certain land, and received pay, and was desirous to convey the same in fee, but that his wife was insane, and for many years had been confined in the hospital at Jacksonville, etc., and prayed the court to appoint some suitable person to acknowledge and transfer the dower of said wife in the land, by joining in the deed to the purchaser.

The court decided, that though all the facts in the bill were proved, the court had no jurisdiction to grant the prayer, and dismissed the bill, and this is the error assigned.

It is contended by appellant, that chancery will furnish a remedy to prevent a total failure of justice, where at law no efficient remedy to enforce a right, is to be had. This may be true, and if conceded, cannot aid this case, for the application is not to enforce a right, but to deprive an unfortunate woman and wife of one of her most important rights. No power exists in any court, in any country governed by law, to deprive a wife, through any instrumentality, of the right of dower. It can only be done by her own voluntary act. A case cannot be found, in which a *feme covert* has been coerced to relinquish this right, or required to do it by the decree or judgment of any court of law or equity, without her full and free concurrence.

The wife may recover from her malady, and should she survive her husband, this dower interest may be her only means of support, and if the court has the power, it would be unjust to exercise it in such a case. The petitioner has no right to ask the court to aid him in completing these contracts of sales. He has made the contracts knowingly and at his own risk, and if he has covenanted that the dower right of his wife in the land should be relinquished, he must keep it as he best may, without the interference of this court to aid him. The purchasers, no doubt, would be satisfied with a deed with full covenants, with a special one also to cover this right of dower. This court cannot interfere. The decree dismissing the bill is affirmed.

*Decree affirmed.*